[Civ. No. 2174.   Fourth Appellate District.—February 9, 1939.]

THE COUNTY OF RIVERSIDE (a Body Politic), Appellant, v. ARTHUR C. BROWN et al., Defendants; F. E. NEWBERRY et al., Respondents.

Earl Redwine, District Attorney, for Appellant.

Miguel Estudillo for Respondents.

MARKS, J.—This is an appeal from an order retaxing costs. It presents the question of the propriety of the allowance of $500 for attorney's fees to each of three groups of defendants, the respondents here, in a condemnation action which had been discontinued as to them before trial.

The pertinent part of the memorandum of respondents' costs and disbursements is as follows:

"Memorandum of costs on Abandonment—Claimed by Defendants F. E. Newberry, Mary E. Smith, Cora F. Sieber, George M. Owen and Mittie C. Owen. . . .
"Attorney's Fees:
"Miguel Estudillo, as more specifically set out in the affidavit of said Miguel Estudillo hereunto attached and made a part hereof ...............$2,000.00."

On the motion to retax, the trial court fixed the attorney's fees as follows:

F. E. Newberry, cost of legal service .............$500.00
Cora F. Sieber and Mary E. Smith, legal service ... 500.00
George M. and Mittie C. Owen, legal service ....... 500.00

Plaintiff first questions the sufficiency of the memorandum, because, as is argued, it charged as costs $2,000, as attorney's fees, in favor of Miguel Estudillo and not in favor of the respondents.

We do not so construe the memorandum of costs as filed. As stated in the first portion of the cost bill, the costs were claimed by the respondents and included $2,000 attorney's fees which were payable by them to their attorney, Miguel Estudillo. The use of the attorney's name in the body of the cost bill was merely an identification of the charges for the services rendered by that attorney and was not a claim that the attorney's fees be made payable to him.

Plaintiff urges that the affidavits supporting the memorandum of costs were insufficient to justify the trial judge in allowing the attorney's fees, and that the allowance of $500 to each of the three groups of respondents was excessive.

The affidavit of Miguel Estudillo shows that he was employed as attorney for the respondents on January 4, 1937. The notice of discontinuance of the action as to these respondents was dated April 20, 1938. The attorney prepared a separate answer for each group of the respondents. He spent twenty days in investigating the facts and law of the cases, three of which he spent away from his office. He charged $100 a day for these services.

Section 1255a of the Code of Civil Procedure provides that in cases of this kind where the action is discontinued the defendants shall be allowed a reasonable fee for the services of their attorney. What is a reasonable fee for such services is first committed to the sound discretion of the trial judge. An appellate court can only interfere with the decision of the trial court as to what constitutes reasonable attorney's fees where there has been a plain and palpable abuse of discretion. (*Freese* v. *Pennie,* 110 Cal. 467 [42 Pac. 978] ; *People* v. *Thompson,* 5 Cal. App. (2d) 668 [43 Pac. (2d) 606] ; *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.,* 134 Cal. App. 268 [25 Pac. (2d) 224].)

It is well established in this state that, as held in *Spencer* v. *Collins,* 156 Cal. 298 [104 Pac. 320, 20 Ann. Cas. 49] : ''The value of attorney's services is a matter with which a judge must necessarily be familiar. When the court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value." (See, also, *People* v. *Thompson, supra*; *Los Angeles* v. *Los Angeles-Inyo Farms Co., supra.*)

The trial judge had before him, in addition to the affidavits filed by the attorney for respondents, the pleadings in the case. He knew of the skill and experience of respondents' counsel, which is not questioned here. He was informed of the difficulty and importance of the case. He was informed of the reasonable value in Riverside County of such services rendered by an attorney of the skill and experience of Mr. Estudillo. His finding of the reasonable value of those services is supported by the foregoing facts and the trial court's estimate of their value. This constitutes evidence in the case which was not necessarily overcome by the affidavit filed by an attorney for plaintiff. That affidavit only created a conflict in the evidence which was resolved in favor of respondents by the trial judge.

"We are not at liberty to convert this appeal into a trial de novo." (*Los Angeles* v. *Los Angeles-Inyo Farms Co., supra.*) Under the facts before us we cannot hold that the attorney's fees fixed by the trial judge evidenced a breach of discretion on his part.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.