[Civ. No. 7181.   Fourth Dist.   July 9, 1964.]

CALIFORNIA INTERSTATE TELEPHONE COMPANY, Plaintiff and Respondent, v. JOHN A. PRESCOTT, Defendant and Appellant.

John R. Brunner for Defendant and Appellant.

Best, Best & Krieger and Glen E. Stephens for Plaintiff and Respondent.

GRIFFIN, P. J.—This is an appeal by the defendant landowner from an order awarding $2,638.25 costs and attorney's fees to the landowner following abandonment of an eminent domain action by the plaintiff telephone company.

Plaintiff filed a complaint in eminent domain to condemn defendant's lot. Defendant answered with a general denial, alleged that there was no public necessity for taking his property, and that an excessive amount of land was being taken. He asserted that he was the sole owner of the land, valued the property at $50,000, and prayed that it not be taken.

The parties entered into negotiations concerning price. Interrogatories and a request for admission of facts were served on the plaintiff. Plaintiff answered some of the interrogatories, objected to others, and responded to defendant's request for admission of facts. Plaintiff's objections to the interrogatories were sustained by the trial court; defendant's ensuing petition for a writ of mandate to require the trial court to compel the plaintiff to answer the interrogatories was denied by this court. The defendant then petitioned the Supreme Court and a hearing was granted. At this point, the plaintiff, which does not have the power of immediate possession, abandoned the action. The mandate matter was dismissed as moot. At the time of abandonment, no trial date had been set, no pretrial conference had been held or set, and no depositions had been taken.

Following the dismissal of the action, defendant filed his verified memorandum of costs claiming $14,405.10, including $14,100 for attorney's fees. Plaintiff filed a motion to tax costs and disbursements. Defendant moved for an order fixing attorney's fees. After a hearing, the trial court entered its order taxing costs at $2,638.25, including $2,500 for attorney's fees. Defendant appeals from this order.

Defendant's major contention is that the trial court erred in allowing only $2,500 in attorney's fees. In his cost bill, defendant's attorney claimed $14,100 reasonable attorney's fees. These fees were disputed by plaintiff's motion to tax costs. At the hearing on the matter, defendant's attorney and his partner, neither of whom had ever handled a condemnation case (although they had engaged in some appellate work), testified in support of a claim for $12,500 in fees for defendant's attorney. No testimony concerning the $1,600 balance between the $14,100 claimed in the cost bill and the $12,500 testified to at the hearing was offered by either party. Defendant claims the $1,600 as reasonable fees for the associates of defendant's attorney. An attorney called by the plaintiff who had handled numerous condemnation matters testified that $2,500 was a reasonable fee for defendant's attorney, assuming that the mandate proceeding was necessary. The pleadings and depositions (which were taken after the condemnation action was abandoned) were before the court.

Defendant argues that the court's award of $2,500 in attorney's fees is not supported by the evidence. It is his position that there was no evidence tending to show that the $1,600 portion of his claim is unreasonable; that therefore the court must have awarded him only $900 for his services, and that the evidence showed the reasonable value of his services was either $12,500 or $2,500, but there was no evidence that his services were worth only $900.

In the alternative, it is argued that his cost bill was prima facie evidence of necessity and reasonableness of the amounts claimed. The party seeking to tax costs, it is urged, has the burden of proving that the items objected to are not proper. (Citing *Ray* v. *Clark*, 57 Cal.App. 467 [207 P. 501].) Thus, a prima facie showing was made that $14,100 was a reasonable attorney's fee by the defendant, and the plaintiff, by introducing evidence that $2,500 was a reasonable fee for defense counsel and by not introducing evidence to dispute the $1,600 portion of defendant's claim for fees, made a prima facie showing that $4,100 represented reasonable attorney's

fees. From this it is concluded that there is no support for the court's determination that $2,500 is a reasonable fee.

Both arguments are without merit. ██ In *County of Riverside* v. *Brown,* 30 Cal.App.2d 747, 749 [87 P.2d 60], the court said: "An appellate court can only interfere with the decision of the trial court as to what constitutes reasonable attorney's fees [under Code Civ. Proc. § 1255a] where there has been a plain and palpable abuse of discretion. [Citing cases.]

" . . . 'The value of attorney's services is a matter with which a judge must necessarily be familiar. When the court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value.' [Citing cases.]" (See also *La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 316 [19 Cal. Rptr. 479, 369 P.2d 7]; *Port San Luis Harbor Dist.* v. *Port San Luis Transp. Co.,* 213 Cal.App.2d 689, 694 [29 Cal.Rptr. 136].) ██ Where items in a cost bill submitted pursuant to Code of Civil Procedure, section 1255a, are properly objected to by the plaintiff, they are put in issue and the burden of proof is upon the defendant to establish the costs to which objection has been made. (*Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 698 [32 Cal.Rptr. 288] and cases there cited.) Even if this were not the rule, the defendant in the instant case assumed the burden of proof. At the hearing, plaintiff's counsel set forth the above rule, citing *City of Los Angeles* v. *Abbott,* 129 Cal.App. 144 [18 P.2 785], and stated that it was his belief that the burden was thus upon defendant to justify his claim. The court responded, "Very well." Defendant's counsel responded: "We are prepared to go ahead, your honor." ██ Defendant will not be heard to urge as error for the first time on appeal the converse of a proposition so readily accepted in the court below.

██ Applying these principles to the instant case, it becomes clear that the evidence was adequate to support the award. The pleadings, depositions, and other evidence of the actual work performed by defense counsel were before the court. Upon this evidence alone the court had discretion to set the fee. (*County of Riverside* v. *Brown, supra,* 30 Cal. App.2d 747, 749.) In addition, the court had the expert testimony of an independent witness that defense counsel's services were worth no more than $2,500, allowing $1,000 for a mandate proceeding which the expert deemed unnecessary.

He stated that the most experienced attorneys could be retained for that fee. The only testimony to the effect that defense counsel's services were worth more than $2,500 came from defense counsel himself and his partner. Furthermore, the defendant failed to meet his burden of proof concerning the work of associate counsel. In these circumstances, we are not prepared to say that the trial court was guilty of a plain and palpable abuse of discretion in its allowance of fees.

Defendant also contends that the court erred in failing to allow $81.85 in costs incurred by the defendant in taking the deposition of plaintiff's attorney, Glen E. Stephens. In support of his position, defendant quotes the following from *City of Inglewood* v. *O. T. Johnson Corp.*, 113 Cal.App.2d 587, 591 [248 P.2d 536] : ". . . the purpose of the statute is to recompense the defendant for all expense which he is impelled to incur by reason of the condemnor's instituting the action and his subsequent failure to carry it through to conclusion. . . . " Apparently, it is defendant's position that all expenses are compensable under Code of Civil Procedure, section 1255a. This is clearly not the rule. In the *Inglewood* case, upon which defendant relies, the court upheld the trial court's refusal to tax the expense of a survey and map as costs on the grounds that these items were not necessary. Only reasonably necessary expenses are taxable under the statute. (*Metropolitan Water Dist.* v. *Adams,* 23 Cal.2d 770, 773 [147 P.2d 6] ; *La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* 57 Cal.2d 309, 312-213.)

The necessity of Mr. Stephens' deposition is not explained by the appellant. Since every inference must be drawn which will tend to support the judgment, we are compelled to the conclusion that the trial court found the deposition unnecessary. Although, in his opening brief, appellant states that no evidence concerning the necessity of the deposition was presented to the trial court, he also states that the deposition itself was introduced into evidence by the plaintiff. Certainly, the deposition itself would tend to show whether it was necessary. Defendant argues that *Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, supports his claim for the cost of taking the deposition. We do not agree. Not only is the instant case distinguishable in that here the depositions were taken before the memorandum of costs had been filed, but the defendant cites the case for a broader principle than it contains. Undoubtedly, a party has a right to seek information by deposition in a pending condemnation pro-

ceeding or in a special proceeding upon the filing of a memorandum of costs. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, 711.) It does not follow, however, that because discovery is proper under Code of Civil Procedure, section 2016, subdivision (a), that it is "necessary" within the meaning of Code of Civil Procedure, section 1255a. Although the court's discretion to deny discovery is quite limited (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, 712, and cases there cited), the court's discretion in allowing costs upon the abandonment of a condemnation action is rather broad. (*County of Riverside* v. *Brown, supra,* 30 Cal.App.2d 747, 749; *La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* 57 Cal.2d 309, 316.) Thus, although discovery may properly be undertaken in a condemnation action after its abandonment (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, 711), a court in determining what costs should be allowed the defendant as a consequence of the abandonment may, with the benefit of hindsight, well conclude that the discovery proceeding was unnecessary even though at the time the discovery was entered into the court could not so clearly foresee the lack of necessity as to justify the granting of a protective order.

The defendant has shown no abuse of discretion in the action of the trial court.

The order is affirmed.

Coughlin, J., and Brown (R. M.), J.,* concurred.

A petition for a rehearing was denied August 4, 1964, and appellant's petition for a hearing by the Supreme Court was denied September 2, 1964.

---

*Assigned by Chairman of Judicial Council.