[Civ. No. 47111. Second Dist., Div. Five. Dec. 6, 1976.]

STEPHEN L. MELNYK, Plaintiff and Respondent, v.
M. LOUISE ROBLEDO, Defendant and Appellant.

**COUNSEL**

Wehrle & Anderson, Peter W. Anderson, Trent G. Anderson and George Zeutzius for Defendant and Appellant.

Kaplanis & Grimm and Trevor A. Grimm for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Defendant M. Louise Robledo appeals from that portion of a judgment in her favor awarding her attorney's fees in less than the amount requested, and from a subsequent order denying her motion for additional attorney's fees after judgment.

The background of the litigation is that in 1965 plaintiff Stephen L. Melnyk purchased an apartment complex, executing a note secured by a first trust deed in favor of Western Savings and Loan in the amount of $325,000 and a note, payable interest only until maturity, due December 1977, secured by a second trust deed in favor of defendant in the amount of $183,000. Under the terms of the purchase, plaintiff was responsible for "repairs" but if housing authorities required "rehabilitation," plaintiff was entitled to withhold up to $500 per month of the monthly interest payments and add them to the balance due. In addition, a subordination agreement between plaintiff and defendant permitted plaintiff to obtain additional loans on the security of the land which would be prior in interest to defendant's security interest if the lender agreed to certain stated terms.

After the earthquake of February 1971, plaintiff refused to make repairs required by the Department of Building and Safety, and withheld

payments from defendant. Plaintiff also attempted to obtain new loans from Western Savings on terms inconsistent with the original subordination agreement, and plaintiff demanded that defendant execute a new subordination agreement. Defendant gave notice of default and election to sell, and plaintiff obtained a preliminary injunction against the trustee's sale. Plaintiff then brought this action for specific performance to compel defendant to execute a new subordination agreement.

The trial court found that plaintiff was in default of his obligations to make repairs on the buildings and in his payments to defendant; that the new subordination agreement was inconsistent with the terms of the original agreement, was not for defendant's benefit, adversely affected defendant's security interest, and that defendant was not required to sign it; and that the preliminary injunction should be dissolved. The court entered judgment that plaintiff was not entitled to specific performance or damages; that plaintiff was not entitled to a permanent injunction; that the preliminary injunction be dissolved; and that defendant be authorized to proceed with the trustee's sale.

By virtue of provisions in the note and trust deed and pursuant to Civil Code section 1717, defendant was entitled to recover her reasonable attorney's fees from plaintiff. (See *Nevin* v. *Salk,* 45 Cal.App.3d 331, 337-340 [119 Cal.Rptr. 370].) Defendant submitted a cost memorandum (Code Civ. Proc., § 1033) claiming attorney's fees in the amount of $71,825. This was based upon a declaration by defendant's counsel, George H. Zeutzius, for 450 hours' work at $50 per hour, totaling $22,500, and the law firm of Wehrle & Anderson, with whom Zeutzius associated, for 986.5 hours' work at $50 per hour, totaling $49,325. The declarations summarized the work done on defendant's behalf.[1] Plaintiff

---

[1] Examples:

"III. Review file in re appeal from preliminary injunction; prepared notice of appeal; researched the law; conferences with client re settlement possibilities and appeal; prepared brief on appeal, supplemental brief, motion for setting, and supplement to record; points and authorities; attendance in court on hearing thereon; 124.9 hours,     $6,245.00

"IV. Preparation of Petition for Rehearing on the appeal, points and authorities and declarations in support, appearance in court on said motion, March 6 to March 14, 1974 "38 hours,     $1,900.00

"V. Made second motion to dissolve injunction November 26, 1973, with preparation for hearing, preparation of related court documents, and appearance in court November 26, 1973; preparation of writ of mandate, "113.5 hours,     $5,675.00

". . . . . . . . . . . . . . . . . .

"VIII. Third motion to dissolve preliminary injunction, heard May 17, 1974; then filed petition for writ, "51.5 hours,     $2,575.00"

gave notice of a motion to tax costs (Code Civ. Proc., § 1033) in which he attacked various cost items and the attorney fees. Plaintiff filed points and authorities in opposition to the attorney fees in which he objected on various grounds (not involved here) to *any* award, and to the amount of the fees and the alleged necessity for the legal services rendered. Plaintiff contended that many of the services performed were unnecessary and unsuccessful and that he should not be charged for them.

At the hearing on the motion to tax costs, the court commented: ". . . Maybe there were things that were overdone. This is possible. On the other hand, it was a complicated case and it was bitterly contested on both sides. [¶] . . . I think, really, it seems to me this is the sort of question in which the court has to consider all of the circumstances and try to reach what's a reasonable fee. As is frequently the case, the claim may be more than the court would feel is reasonable, and on the other side of the coin the defense may be, the objections may be overstated, too, and the fee that you would allow would be less perhaps than is reasonable. This is what it's all about when you have these kinds of problems, and the court has to reach a decision. And the court isn't bound by the number of hours or the rate per hour; you have to consider all of the things that are involved, what's really involved in the litigation, and what's reasonable."

The trial court awarded attorney fees of $25,000 ($7,500 to Zeutzius; $17,500 to Wehrle & Anderson).

Defendant then made a motion (1) to reconsider the court's order on the motion to tax costs and (2) to award additional attorney fees for the legal services performed on the motion (124 hours at $50 per hour, totaling $6,200). On the motion to reconsider, the court commented:

". . . I fixed [the fees] based on the evidence that I've heard, and I think the cases hold that the trial judge isn't rigidly bound by affidavits, he must look at the cases; and he has certain, let's say expertise, or whatever, as to what's a reasonable attorney's fee.

"And I've considered this carefully and I think I allowed you a reasonable attorney's fee, and it was intended to include all of your services up to the time of the allowance."

On the motion for additional attorney fees for services performed at the time of the prior motion, the court commented:

"... There's a lot of papers filed here, but my feeling was that the fees allowed were ample to cover all of the services performed up to that time, and I'm not going to allow an additional fee for the papers and the hearing on the costs. I think it's adequate to cover that, and that was what I had in mind.

".  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"THE COURT: I viewed it as a whole picture, so that motion will be denied."

## DISCUSSION

Defendant contends (1) the verified cost bill was prima facie evidence of the correct amount of reasonable attorney fees and should have been accepted because plaintiff failed to make proper objection or to present any testimony that it was incorrect; (2) the trial court's order reducing the fee was not based on evidence and the trial court could not reduce the fee without giving notice to defendant of each and every item which the court deemed excessive or unreasonable; (3) defendant was entitled to additional attorney fees for services performed on the motion to tax costs; and (4) the trial court erred in failing to allocate a portion of the fees to services performed in dissolving the preliminary injunction. None of these contentions has merit.

■ It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion. (*La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 316 [19 Cal.Rptr. 479, 369 P.2d 7]; *Horn* v. *Swoap,* 41 Cal.App.3d 375, 384 [116 Cal.Rptr. 113]; *Excelsior etc. School Dist.* v. *Lautrup,* 269 Cal.App.2d 434, 447 [74 Cal.Rptr. 835].) ■ The value of legal services performed in a case is a matter in which the trial court has its own expertise. (*Excelsior etc. School Dist.* v. *Lautrup, supra,* at p. 448.) The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. (*Barlin* v. *Barlin,* 156 Cal.App.2d 143, 149 [319 P.2d 87]; *Mitchell* v. *Towne,* 31 Cal.App.2d 259, 266 [87 P.2d 908].) The trial court makes its determination after consideration of a number of factors, including the

nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. (*La Mesa-Spring Valley School Dist.* v. *Otsuka; supra; Excelsior etc. School Dist.* v. *Lautrup, supra,* at p. 447.) We find no reason here to disturb the trial court's determination. (*Horn* v. *Swoap, supra.*)

■ Defendant correctly contends that if the items on a verified cost bill appear proper charges they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred. (*Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 698 [32 Cal.Rptr. 288]; *Decoto School Dist.* v. *M. & S. Tile Co.,* 225 Cal.App.2d 310, 316-317 [37 Cal.Rptr. 225].) However, where the items are properly objected to, they are put in issue, and the burden of proof is upon the party claiming them as costs. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra* at p. 698.) Defendant erroneously contends, however, that because plaintiff challenged the reasonableness of defendant's claim by way of a memorandum of points and authorities rather than by affidavit or testimony, the prima facie case was not thereby rebutted. The very authority cited by defendant states: "It is not necessary that the [objector] accompany the motion to tax costs with any affidavit, but at the hearing he may present any competent evidence, oral or written." (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* at p. 698.) ■ Defendant's contention that there is no evidence rebutting her prima facie cost memorandum is similar to the argument rejected in *Cal. Interstate Tel. Co.* v. *Prescott,* 228 Cal.App.2d 408, 410-411 [39 Cal.Rptr. 472], where the court pointed out: ". . . The pleadings, depositions, and other evidence of the actual work performed by defense counsel were before the court. Upon this evidence alone the court had discretion to set the fee." (*Id.* at p. 411.) As stated in *County of Riverside* v. *Brown,* 30 Cal.App.2d 747, 749 [87 P.2d 60]: "The trial judge had before him, in addition to the affidavits filed by the attorney for respondents, the pleadings in the case. He knew of the skill and experience of respondents' counsel, which is not questioned here. He was informed of the difficulty and importance of the case. He was informed of the reasonable value in Riverside County of such services rendered by an attorney of the skill and experience of Mr. Estudillo. His finding of the reasonable value of those services is supported by the foregoing facts and the trial court's estimate of their value. This constitutes evidence in the case which was not necessarily overcome by the affidavit filed by an attorney for

plaintiff. That affidavit only created a conflict in the evidence which was resolved in favor of respondents by the trial judge."

Thus defendant's contention that the trial court's order was not based on evidence is without foundation. Nor is there any merit to defendant's contention that it was incumbent upon the trial court to specify each and every item in defendant's memorandum with which the court found fault. This would be inconsistent with the well-established rule discussed above that the trial court is entitled to take all of the circumstances into account and is not bound by the itemization claimed in the attorney's affidavit.

Defendant next argues at considerable length that the hearing on the motion to tax costs was a separate proceeding and that defendant was entitled to additional attorney fees in the amount of $6,200 for legal services performed at that hearing. The record shows this contention to be without merit on a factual basis. As pointed out above, the trial court specifically stated in this case that the award it made took into account all the legal services performed up to the time of the order.

Defendant's final contention is that the trial court's order "prejudiced" a subsequent order by a different trial judge denying defendant's motion to obtain an award of additional attorney fees as damages on the preliminary injunction bond which had been posted pursuant to Code of Civil Procedure section 529. This contention is without merit. Defendant was not entitled to additional attorney fees on the bond. The record shows that the award of attorney fees in the instant matter was intended to cover all of the legal services performed, which includes the legal work done on the preliminary injunction. Although attorney fees for legal work attributable to fighting a preliminary injunction are normally recoverable as damages on the preliminary injunction bond (*e.g., Russell* v. *United Pacific Ins. Co.*, 214 Cal.App.2d 78, 88-89 [29 Cal.Rptr. 346]; *Mason* v. *U.S. Fid. & Guar. Co.*, 60 Cal.App.2d 587, 593-594 [141 P.2d 475]), the damages recoverable are controlled by equitable principles intended to furnish just and reasonable compensation for the loss *actually and proximately sustained* by reason of the injunction. (*Russell* v. *United Pacific Ins. Co., supra*, at p. 88; *Surety Sav. & Loan Assn.* v. *National Automobile & Cas. Ins. Co.*, 8 Cal.App.3d 752, 757 [87 Cal.Rptr. 752]; *Moore* v. *Maryland Casualty Co.*, 100 Cal.App. 658, 663 [280 P. 1008].) Defendant cannot use the

injunction bond to obtain a double recovery of attorney fees already awarded and paid in the instant judgment.[2]

The judgment and order appealed from are affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied December 30, 1976, and appellant's petition for a hearing by the Supreme Court was denied February 3, 1977.

---

[2]The judge who ruled on the subsequent motion for damages on the bond noted that "[t]he matter of fees was previously resolved by court order and paid. . . ."

That judge's minute order also states: "Any further charge will necessarily have to await the determination of the appellate courts on the matter presently pending there. This court at this time denies any request for further fees without prejudice to the determination of the appellate court, above mentioned." We interpret this to mean simply that the court was willing to reconsider the matter if we reversed the instant judgment or held that a double recovery was permissible.