56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 CITY OF ALTURAS, Plaintiff-Appellant,
v.
PACIFIC POWER & LIGHT COMPANY, Defendant-Appellee.
 No. 93-17044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1995.
Decided May 30, 1995.
 
 Before CUMMINGS,* SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The City of Alturas ("City") appeals the district court's order awarding condemnee Pacific Power & Light Co. ("Pacific") $1,212,494.10 in litigation expenses pursuant to Cal. Civ. Pro. Code Sec. 1268.210. We affirm.
 
 
 3
 In 1985, the City, located in Modoc County, California, began exploring the possibility of using its power of eminent domain to take the electrical distribution facilities ("facilities") owned and operated by Pacific. The City's goal was to turn over operational control of the facilities to Pacific's nonprofit competitor, Surprise Valley Electrification Corporation (Surprise Valley), whose rates are substantially lower than Pacific's. The condemnation trial, held in February 1989, resulted in a judgment in condemnation in favor of the City. Pacific appealed, and in a prior memorandum disposition, we vacated and remanded, finding that while the City had the right to take the facilities and transfer them to Surprise Valley, Surprise Valley had to seek and obtain the consent of the California Public Utilities Commission ("PUC") before it could operate the facilities. Pacific Power & Light Co. v. Surprise Valley Electrification Corp., No. 89-16010 (9th Cir. filed Jan. 25, 1993).
 
 
 4
 On remand, the district court determined that in light of the lack of PUC approval, no valid public use existed for Surprise Valley's operation of the facilities. The district court entered a judgment of dismissal, and awarded Pacific litigation expenses pursuant to Cal. Civ. Pro. Code Secs. 1268.610 and 1235.140. The City appealed the order of dismissal to this court, but the appeal was thereafter dismissed at the City's request.
 
 
 5
 On October 5, 1993, pursuant to Pacific's Motion for Recovery of Litigation Expenses, the district court entered an Order for Award of Litigation Expenses to Pacific Power & Light Company, Including Attorney Fees, Expert Fees, and Other Allowable Costs. The district court awarded litigation expenses in the sum of $1,212,494.10. The award covered litigation expenses incurred by Pacific in collateral proceedings it had instituted. Those proceedings included an unsuccessful attempt before this court to preclude Surprise Valley's source of wholesale power from providing it with the energy it would use to serve the City, see PacifiCorp v. Bonneville Power Admin., 856 F.2d 94 (9th Cir. 1988), and a proceeding before the PUC that resulted in a decision that Surprise Valley could not obtain control over Pacific's facilities without PUC authorization. The award also included expenses incurred in connection with the City's Petition For Writ of Mandate/Prohibition in the California Supreme Court in response to the PUC ruling.
 
 
 6
 Cal. Civ. Pro. Code Sec. 1268.610 provides that the court shall award the defendant litigation expenses whenever a proceeding "is wholly or partly dismissed for any reason." Section 1235.140 provides that "litigation expenses" include:
 
 
 7
 (a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings.
 
 
 8
 (b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendant's interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint.
 
 
 9
 The City first contends that the district court erred as a matter of law by awarding Pacific expenses for fees incurred in related, but separate and independent, proceedings. This court reviews de novo the district court's interpretation of state law. Ravell v. United States, 22 F.3d 960, 961 n.1 (9th Cir. 1994). Subsection (b) of Sec. 1235.140 does not limit fees recoverable to those incurred only in the condemnation proceeding. Instead, this subsection provides for the recovery of fees so long as they were "reasonably and necessarily incurred to protect the defendant's interests in the proceeding". None of the cases decided by the California appellate courts foreclose the recovery of such fees. See La Mesa-Spring Valley School Dist. v. Otsuka, 19 Cal. Rptr. 479 (1962) (en banc); People v. Metcalf, 144 Cal. Rptr. 657 (Cal.Ct.App. 1978); Excelsior Union High School Dist. v. Lautrup, 74 Cal. Rptr. 835 (Cal.Ct.App. 1969).
 
 
 10
 City of San Jose v. Great Oaks Water Co., 237 Cal. Rptr. 845 (Cal.Ct.App. 1987), stands for the proposition that litigation expenses can be awarded for expenses incurred in a collateral proceeding. In Great Oaks, the California Court of Appeals upheld the award of litigation expenses to the condemnee, following the dismissal of the condemnation, for work in connection with a PUC valuation proceeding initiated by the City of San Jose. The court noted that "any fees attributable to the PUC proceeding were necessitated solely by the City's filing of the ... condemnation action." Id. at 854. Similarly, fees incurred by Pacific in the case at bar were necessitated solely by the City's initiation of the condemnation proceeding.
 
 
 11
 The remaining issue is whether the district court erred when it found that the fees Pacific incurred in the related proceedings were "reasonably and necessarily incurred in order to protect Pacific's interest in the condemnation." The finding appears to be a factual one that we review under the clearly erroneous standard. Cf. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992) (noting that a federal court sitting in diversity applies state law in deciding whether to allow attorneys' fees when those fees are connected to the substance of the case). As the California Court of Appeals has said: "The amount to be awarded as attorney fees [in a condemnation proceeding] is left to the sound discretion of the trial judge, who is in the best position to evaluate the services rendered, and the court's decision will not be disturbed on appeal unless it is clearly wrong." See also La Mesa, 19 Cal. Rptr. at 484 ("The determination of what is a reasonable fee is a question of fact that rests within the discretion of the trial court."). Alternatively, the standard may be one of abuse of discretion. Great Oaks, 237 Cal. Rptr. at 854.
 
 
 12
 The standard of review we employ here does not change the result. In determining that the recoverable fees were "reasonably and necessarily incurred", the district court neither clearly erred nor abused its discretion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3