Filed 5/19/21  Huard v. Eldridge CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANDREW LOGAN HUARD,<br><br>  Petitioner and Appellant,<br><br>v.<br><br>ALAN RICHARD ELDRIDGE,<br><br>  Defendant and Respondent. | 2d Civ. No. B301903<br>(Super. Ct. No. 56-2016-00479595-CU-HR-VTA)<br>(Ventura County) |

Andrew Logan Huard challenges the amount of attorney fees awarded to Alan Richard Eldridge for successfully defending Huard's petition for a civil harassment restraining order.  The petition was tried over two days.  The trial court found that the $15,753 requested by Eldridge's attorney was reasonable and "a fair reflection of the amount of time and effort put into defending [Eldridge] in this matter."  We affirm.

PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of issues related to the parties' jointly owned investment property.  The parties' relationship

deteriorated over time, and in 2016 Huard obtained a two-year civil harassment restraining order against Eldridge. Huard, as the prevailing party, requested $22,543 in attorney fees pursuant to Code of Civil Procedure section 527.6, subdivision (s). Eldridge objected, and the court awarded $4,500 in fees.

In 2017, Huard filed an unlimited civil action against Eldridge on various tort theories based on his prior allegations. It was set for trial in March 2019. In February 2019, Huard filed a new petition for a civil harassment restraining order to protect not only Huard but also his parents and sister. Huard alleged 17 different actions by Eldridge. Eldridge opposed the request, claiming his contacts with Huard served a legitimate purpose as they were related to the civil action.

After hearing the trial testimony, the trial court noted that the current matter concerned events that occurred after the prior restraining order had lapsed and was "struck" when Huard "conceded that he had no evidence of certain acts having taken place after the lapse of the last restraining order." The court determined Huard had failed to meet his burden and entered judgment for Eldridge.

Eldridge requested $15,753 in attorney fees and costs. Huard opposed the request, arguing the fees should be reduced by 82 percent to $2,835.54 and that the rate per hour should be $250 instead of $300. In his reply, Eldridge noted that in the 2016 proceeding, Huard claimed that his attorneys were entitled to $650 and $400 per hour.

The trial court granted Eldridge's entire fee request. It stated: "The Court reviewed the accounting provided by Ms. Phillips [Eldridge's attorney] on behalf of the work done for her client. The Court heard the hearing. The Court heard all the

evidence.  The Court is of the opinion that the accounting is a fair reflection of the amount of time and effort put into defending her client in this matter."  The court further "note[d] that after th[e] extensive hearing, the Court found [Huard's] claim without merit."

DISCUSSION

Huard contends the trial court abused its discretion by awarding more than $2,835.54 in attorney fees.  We disagree.

*Standard of Review*

"We must affirm an award of attorneys' fees absent a showing that the trial court clearly abused its discretion.  [Citation.]  An abuse of discretion is shown when the award shocks the conscience or is not supported by the evidence.  [Citations.]"  (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549-550; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 (*Akins*) ["The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination"].)

*The Trial Court Did Not Abuse Its Discretion*
*by Awarding the Requested Attorney Fees*

Taking an item-by-item approach, Huard explains why he believes 18 billing entries in the attorney's accounting are excessive or unjustified.  By way of example, Huard challenges the 4.5 hours billed on June 19, 2019 for "Trial of matter; day one."  He contends that "considering appearance time and traveling to and from the courthouse . . . the fees could only amount at most to 4 hours and 15 minutes long."  He apparently seeks a reduction of 15 minutes in this billing calculation.

3

No basis exists for us to second-guess the trial court's determination that 4.5 hours was reasonable for that charge or its decision on the other charges. (See *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 428.) "The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623-624; accord *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.)

The record confirms that the trial court carefully considered each of these factors before awarding the fees. It found the fees were justified given the "extensive hearing" and its determination that Huard's claims lacked merit. The $15,573 award neither "shocks the conscience" nor "suggests . . . passion and prejudice." (*Akins*, *supra*, 79 Cal.App.4th at p. 1134.) We have considered each of Huard's arguments and conclude they are meritless.[1]

---

[1] Eldridge requests an award of attorney fees on appeal. "'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.'" (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267.) Upon an appropriate motion, the trial court shall consider whether attorney fees incurred on appeal should be awarded and, if so, in what amount. (See *ibid.*; *In re Marriage of Cheriton* (2001) 92

4

## DISPOSITION

The judgment is affirmed.  Eldridge shall recover his costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

---

Cal.App.4th 269, 320, superseded by statute on other grounds in *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049.)

Michael S. Lief, Judge
Superior Court County of Ventura

_____

Herrera Law Partners, Alejandro H. Herrera, for Petitioner and Appellant.

Law Offices of Carolyn C. Phillips, Carolyn C. Phillips, for Defendant and Respondent.