[No. B139339. Second Dist., Div. Six. Aug. 20, 2001.]

ALEXANDRA PATARAK et al., Plaintiffs, Cross-defendants and Respondents, v.
LINDA WILLIAMS, Defendant, Cross-complainant and Appellant.

**COUNSEL**

David C. Peterson; Mazur & Mazur, Janice R. Mazur and William E. Mazur, Jr., for Defendant, Cross-complainant and Appellant.

Belsher & Becker, John W. Belsher and Steven P. Roberts for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**YEGAN, Acting P. J.**—Alexandra Patarak and other residents of Hilltop Mobile Manor (residents), a mobilehome park in Atascadero, sued the park's owner, Linda Williams (landlord), for violating the Mobilehome Residency

Law (MRL). They alleged and proved that she willfully did not maintain the park's septic system and willfully denied reasonable access to the common areas of the park. (Civ. Code, § 798 et seq.)[1] After a 15-day court trial, the trial court awarded residents actual damages and $44,000 in penalties for willful violations. Landlord contests the penalty award only and contends that the trial court erred by applying an incorrect definition of the term "willful." We affirm.

## Facts and Procedural History

In their trial testimony, the residents described the repeated odors, sewage leaks, clogs, failing septic pumps, broken pipes and septic tank lids, and saturated leach fields. Photographs and videotape also documented some of the leaks and other problems with the septic system.[2] An expert witness testified that, unlike the previous owner, landlord performed little regular maintenance of the septic system but incurred high costs for emergency repairs. There was also evidence that landlord kept the clubhouse locked for months at a time, required children under 18 to be supervised, and banned several families from the facilities altogether.

Landlord did not dispute that these incidents occurred or that the septic system required frequent repair. She claimed, however, that leaks and other problems were common before she bought the park and were caused by the age of the system, rather than by any failure to maintain it. In a similar vein, landlord claimed her restrictions on clubhouse use were a reasonable response to vandalism.

The trial court factually found that landlord willfully did not maintain the septic system and willfully did not allow residents reasonable access to the clubhouse. It imposed civil penalties because it found, "the violations were 'willful' (see CALJIC 1.20) in that defendant's actions and omissions were deliberate."

## Willful MRL Violation

On appeal, landlord concedes simple violation of the MRL. She only challenges the trial court's finding that she willfully violated the statute and is therefore liable for penalties under section 798.86. This statute

---

[1] All statutory references are to the Civil Code unless otherwise stated.

[2] "If a picture is worth a thousand words, a moving picture is worth a million." (*People v. Webb* (1999) 74 Cal.App.4th 688, 690 [88 Cal.Rptr.2d 259].) We have examined the photographs and viewed the videotapes. (Cal. Rules of Court, rule 10(d).) The sight of malfunctioning septic lines with urine and feces flowing therefrom is so gross that we can almost smell what the residents had to endure.

provides: "In the event a homeowner or former homeowner of a park is the prevailing party in a civil action, including a small claims court action, against the management to enforce his or her rights under this chapter, the homeowner, in addition to damages afforded by law, may, in the discretion of the court, be awarded an amount not to exceed two thousand dollars ($2000) for each willful violation of this chapter by the management."

Landlord contends that the trial court based its factual finding of willfullness on the criminal law definition of that term. She contends the trial court erred because the civil law uses a more stringent definition and permits the imposition of a statutory penalty only where the conduct at issue would support an award of punitive damages pursuant to section 3294. The contention is without merit.

■ Our goal in construing section 798.86 is to "ascertain and effectuate the intent of the Legislature." (*Pacific Gas & Electric Co. v. County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].) "The words of a statute are the surest indication of the Legislature's intent." (*Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 423 [73 Cal.Rptr.2d 655].) We give effect to the statute " ' "according to the usual, ordinary import of the language employed in framing [it.]" ' " (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978], quoting *Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ No published California appellate opinion has construed the word "willful," for purposes of the MRL. Although the term "willful" has no "single, uniformly applicable" definition, it refers generally to intentional conduct undertaken with knowledge or consciousness of its probable results. (See, e.g., *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 182-183 [28 Cal.Rptr.2d 371].) Willful conduct does not require a purpose or specific intent to bring about a result. However, it does require more than negligence or accidental conduct. (See, e.g., *Calvillo-Silva v. Home Grocery* (1998) 19 Cal.4th 714, 729-730 [80 Cal.Rptr.2d 506, 968 P.2d 65]; see also *Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd.* (2000) 80 Cal.App.4th 1023, 1035 [95 Cal.Rptr.2d 847].) These definitions provide a workable rule for section 798.86 penalty purposes.[3]

The trial court's statement of decision indicates that it properly understood and correctly applied the term "willful" to landlord's conduct for section

---

[3]We do not fault landlord for taking an appeal to test the proper construction of the word "willful" for purposes of the MRL. We do fault her for the attempt to equate the word "willful" with oppression, fraud, or malice. (See, *post*, pp. 830-831.)

798.86 penalty purposes. It did refer to a criminal law pattern jury instruction that states: "The word 'willfully' when applied to the intent with which an act is done or omitted means with a purpose or willingness to commit the act or to make the omission in question. The word 'willfully' does not require any intent to violate the law, or to injure another, or to acquire any advantage." (CALJIC No. 1.20.) This definition of the word "willful" is not inconsistent with the MRL. But the trial court did not confine itself to the CALJIC definition. It also found that landlord's conduct was "deliberate." This definition of the word willful is also not inconsistent with the MRL. Neither of these definitions is inconsistent with *Kwan v. Mercedes-Benz of North America, Inc., supra,* 23 Cal.App.4th at pages 182-183, or *Cavillo-Silva v. Home Grocery, supra,* 19 Cal.4th at pages 729-730. But landlord may not utilize the trial court's contemporaneous remarks, whether oral or written, to impeach its final judgment. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 344, pp. 387-388.) Had the trial court tersely stated only that landlord "willfully violated the MRL," we would affirm based upon whatever implied factual finding was necessary to support the judgment. (E.g., *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583-584 [2 Cal.Rptr. 609, 349 P.2d 289]; see also *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140 [104 Cal.Rptr.2d 377, 17 P.3d 735].)

After a 15-day trial, the trial court ruled that landlord willfully denied reasonable access to the common areas of the park and willfully did not maintain the septic system. The fair import of the trial court's remarks is that, for example, landlord willfully did not maintain the septic system with knowledge or consciousness that it would probably fail with malodorous and unsanitary consequences. While landlord did not have the specific intent to achieve septic system failures, these occurrences resulted not from accident or simple negligence.

Landlord protests that the penalty provided by section 798.86 is tantamount to punitive damages and should be imposed only where the statutory violation involves oppression, fraud, or malice which would justify punitive damages pursuant to section 3294. This is a leap in logic and a "spin" on the statutory scheme which we are unwilling to credit.[4] Section 798.86 does not make reference to section 3294, nor any of its words of art. No other provision of the MRL makes any such reference. It is true that section 3294 permits the imposition of exemplary damages only where a defendant has "been guilty of oppression, fraud, or malice," and does not permit such an award simply where defendant has acted willfully. But, there is no indication or hint, express or implied, that the Legislature intended to engraft the

---

[4]Webster defines our use of the word "spin" as follows: "To evolve, express, or fabricate by process of mind or imagination." (Webster's 3d New Internat. Dict. (1981) p. 2195, col. 3.)

language of section 3294 onto section 798.86 nor to require a showing of oppression, fraud or malice in proving willfulness. Section 798.86 is a separate and discrete section that permits a penalty upon a showing of willfulness. Nothing more is required.

The judgment is affirmed. Costs and attorneys' fees on appeal to respondents, in an amount to be determined by the trial court on noticed motion.

Coffee, J., and Perren, J., concurred.